# EXHIBIT 1

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
HIMS & HERS HEALTH, INC., a Delaware corporation, d/b/a HIMS.COM,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
JOSE CHAVEZ,

***FOR COURT USE ONLY***
***(SOLO PARA USO DE LA CORTE)***

**Electronically FILED by Superior Court of California, County of Los Angeles 5/27/2026 4:53 PM David W. Slayton, Executive Officer/Clerk of Court, By D. Williams, Deputy Clerk**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov)*, en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org)*, en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
111 N. Hill St., Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
26STCV17029

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott J. Ferrell (Bar # 202091) / Victoria C. Knowles (Bar # 277231)
PACIFIC TRIAL ATTORNEYS, APC
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660
Phone No.: (949) 706-6464

DATE: 05/27/2026
*(Fecha)*

Clerk, by David W. Slayton, Executive Officer/Clerk of Court, Deputy
*(Secretario)* D. Williams *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

**Electronically FILED by Superior Court of California, County of Los Angeles 5/27/2026 4:53 PM David W. Slayton, Executive Officer/Clerk of Court, By D. Williams, Deputy Clerk**

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| JOSE CHAVEZ,<br>Plaintiff,<br>v.<br>HIMS & HERS HEALTH, INC., a Delaware corporation, d/b/a HIMS.COM,<br>Defendant. | Case 26STCV17029<br><br>**COMPLAINT FOR UNLAWFUL SPAMMING AND INVASION OF PRIVACY** |

## I. NATURE OF ACTION

1. Defendant HIMS & HERS HEALTH, INC. ("HIMS.COM") bombards Californians with spam that is both deceptive and literally false. It does this to trick recipients into mistakenly opening spam emails, clicking on dangerous links that take visitors to its website, and allowing it to secretly surveil them across the internet.

2. The scheme is vile: the initial fraud destroys any semblance of informed consent at the outset. That alone is actionable. But it is the second step that makes the conduct truly evil: once the user is lured onto the website under false pretenses, tracking pixels and similar technologies are silently deployed to harvest data, monitor behavior, and secretly follow the user across the internet without consent.

3. Both the spam and the secret surveillance are illegal under California law.

## II. PARTIES, JURISDICTION AND VENUE

4. Plaintiff Jose Chavez is and was at all times mentioned herein was a resident of Victorville California and a citizen of the State of California.

5. Defendant HIMS AND HERS HEALTH is a Delaware corporation that markets telemedical services to Californians.

6. As a court of general jurisdiction, this Court has jurisdiction over all matters presented.

7. Plaintiff believes that the amount in controversy exceeds $250,000 as follows: (1) Defendant has sent Plaintiff dozens (up to 100) unlawful spam emails, and California Business and Professions Code section 17529.5 provides for $1,000 in liquidated damages per violative email; (2) Defendant has unlawfully tracked Plaintiff on at least five visits to Defendant's website in violation of CIPA, for which Penal Code section 637.2 authorizes statutory damages of $5,000 per violation, creating additional substantial exposure for each unauthorized interception, use, or disclosure; (3) plaintiff alleges fraudulent, deceptive, and outrageously oppressive conduct that supports substantial punitive damages; and (4) Section 17529.5 expressly authorizes attorneys' fees and costs for prevailing Plaintiff. Taken together — dozens of $1,000 spam violations, at least six $5,000 CIPA violations, substantial punitive damages, and mandatory attorneys' fees — the amount in controversy exceeds $250,000.

8. Venue is proper in this County because a substantial part of the events or omissions giving rise to the claim occurred in this County – specifically, Plaintiff received the spam e-mails while in this County and visited Defendant's website where the tracking pixels were installed in this County.

9. Personal jurisdiction over Defendant is reasonable because Defendant maintains an active, ongoing presence in California; advertises its services to California residents; the e-mails at issue were directed to Plaintiff in California; and because Defendant tracked Plaintiff in California.

## III. FACTUAL ALLEGATIONS

10. Plaintiff is a California resident and citizen. He is the owner of the e-mail address **jose.chavez22@yahoo.com.**

11. Defendant HIMS.COM spams Plaintiff (and other Californians) relentlessly.

12. As just one example, plaintiff recently received a spam e-mail from Defendant that had a forged header, spoofed domain, and deceptive subject line that tricked him into opening the email and clicking on the link therein. The spam is attached hereto as **Exhibit "A".** Again, this is just a single example of the dozens and dozens of spam e-mails that Defendant has sent Plaintiff.

13. The spam identified above is an "Unsolicited Commercial e-mail advertisement" because Plaintiff had no pre-existing relationship with Defendant and because the e-mails were initiated for the purpose of advertising or promoting the lease, sale, rental, gift offer, or other disposition of any property, goods, services, or extension of credit. *See* Bus. & Prof. Code § 17529.1(c).

14. Plaintiff has never given direct informed consent to receive commercial e-mail advertisements from Defendant or its marketing agents.

15. The spam e-mails sent by Defendant to Plaintiff, of which Exhibit "A" is one example, violate Section 17529.5(a)(1) because they contain third-party's domain names without the permission of the third party.

16. The spam e-mails sent by Defendant to Plaintiff, of which Exhibit "A" is one example, violate Section 17529.5(a)(2) because they contain falsified, misrepresented, and forged header information.

17. The spam e-mails sent by Defendant to Plaintiff, of which Exhibit "A" is one example, violate Section 17529.5(a)(3) because they contain subject lines that would be likely to mislead a

recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message. Specifically, and in the exampled attached as Exhibit "A", the subject line **"Jose Chavez, prescriptions from your couch. free online consultation"** materially misrepresented the nature, convenience, cost, and personalization of the services being promoted. Here, the subject line falsely conveyed at least three misleading impressions. First, by addressing Plaintiff by name and referring to "your couch," the email falsely suggested some individualized or personalized solicitation tailored specifically to Plaintiff's circumstances or medical needs, when the message was merely part of a mass-market spam campaign indiscriminately distributed to consumers without any individualized assessment or relationship. Second, the phrase "prescriptions from your couch" materially overstated the nature and convenience of the services being offered by implying consumers could easily obtain prescription medications remotely and effortlessly from home. In reality, obtaining prescriptions required substantially more involvement, including disclosures, screening procedures, approvals, and other requirements inconsistent with the casual and frictionless process implied by the subject line. Third, the representation "free online consultation" was materially misleading because the purported consultation was not actually free in any meaningful sense, but instead functioned as part of a commercial funnel tied to paid products, subscriptions, or treatment programs. California law broadly prohibits deceptive promotional claims that create false impressions regarding pricing, personalization, or the nature of advertised services. By combining false personalization, exaggerated convenience claims, and misleading "free" representations, Defendant created a deceptive subject line designed to induce recipients to open the email and engage with Defendant's commercial solicitation under materially false pretenses. That is precisely the type of deceptive spam practice section 17529.5(a)(3) was enacted to prohibit.

18. Together, the falsified domain, forged header, and misleading subject line tricked Plaintiff into opening the e-mail, clicking on a link in the e-mail, and visiting Defendant's website several times in search of the promised offer.

19. Although a plaintiff need not plead or prove actual damages to bring a claim under the statute, Plaintiff suffered concrete, particularized harm as a result of Defendant's conduct. Plaintiff

spent valuable time and attention investigating the misleading offer; incurred opportunity costs and lost productivity; and was distressed and disappointed that the promised offer did not actually exist.

20. Defendant has not established and implemented, with due care, practices and procedures reasonably designed to effectively prevent unsolicited commercial e-mail advertisements. In fact, Defendant actively defies California law.

21. Going from bad to worse, after luring Plaintiff to its website at **HIMS.COM** via the above misleading spam, Defendant illegally installed numerous tracking pixels ("Tracking Pixels") on Plaintiff's device that allowed various *de facto* data brokers to (1) intercept communications from Plaintiff and track Plaintiff across the internet and (2) use the information compiled to sell deeply personal details about Plaintiff to the highest bidders. By doing so, Defendant has violated California Penal Code § 638.51.

22. The Tracking Pixels use algorithms to analyze internet and device data and predict whether two or more devices are owned by the same person. Participating websites and apps then cater their advertisements based on a collective knowledge of the user's actions across all of their devices. The Tracking Pixels use data such as cookie IDs, operating system IDs, IP addresses, online registrations, and data from partnering publishers to develop a probability that different devices are shared by the same person.

23. The Tracking Pixels are used for advertising to consumers across devices, where a user is shown an ad on their mobile or tablet device based on websites they visited on a desktop. For example, if an Android phone visits a website shortly after a desktop PC from the same home network, the Tracking Pixels will assess that there is a high probability that the two devices are operated by the same person and will show them similar ads on both devices. The Tracking Pixels also use cross-device analytics for things like location, timing, user behavior, and audience analysis.

24. The Tracking Pixels spyware activities described above are known as "fingerprinting." Put simply, the Tracking Pixels collect as much data as it can about otherwise anonymous visitors to Defendant's website and matches it with existing information that the Tracking Pixels have acquired and accumulated about hundreds of millions of Americans.

25. According to the esteemed Brennan Center for Justice, data brokers are "the main purveyors of surveillance capitalism" that "collect, assemble, and analyze personal information to create detailed profiles of individuals, which they then sell to "financial institutions and insurance firms…Advertising companies… predatory loan companies, stalkers, and scammers…foreign actors…and law enforcement and other government agencies including the FBI and the IRS."). *See* https://www.brennancenter.org/our-work/research-reports/closing-data-broker-loophole (last accessed May 2026).

26. The Tracking Pixels tracked and surveilled Plaintiff while he was physically present in California in this District.

## IV. <u>CAUSES OF ACTION</u>

### FIRST CAUSE OF ACTION

### Violation of Cal. Business & Professions Code § 17529.5

27. Plaintiff received dozens of unsolicited commercial e-mail at a California e-mail address within the three year period prior to filing the Complaint.

28. As shown above, the spam e-mails violated all three provisions of Section 17529.5.

29. Defendant is strictly liable to Plaintiff in the amount of $1,000 per spam.

30. Defendant has not established and implemented, with due care, practices and procedures reasonably designed to effectively prevent unsolicited commercial e-mail advertisements that are in violation of Section 17529.5 that would justify a reduction in liquidated damages.

31. Defendant's conduct was fraudulent and oppressive, thereby entitling Plaintiff to punitive damages.

### SECOND CAUSE OF ACTION

### Violations of the California Trap and Trace Law

### Cal. Penal Code § 638.51

32. California's Trap and Trace Law is part of the California Invasion of Privacy Act ("CIPA") codified at Cal. Penal Code 630, et. seq.

33. CIPA was enacted to curb "the invasion of privacy resulting from the continual and increasing use of" certain technologies determined to pose "a serious threat to the free exercise of

personal liberties." CIPA extends civil liability for various means of surveillance using technology, including the installation of a trap and trace device.

34. A "trap and trace device" as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication." Cal. Penal Code § 638.50(c).

35. California Penal Code § 638.51(a) provides that "a person may not install or use…a trap and trace device without first obtaining a court order.…"

36. Defendant uses multiple trap and trace process on the Website by deploying the Tracking Pixels on its Website because they capture routing, addressing and/or other signaling information of website visitors including Plaintiff.

37. Defendant did not obtain consent from Plaintiff before using trap and trace technology to identify and track Plaintiff and has violated section 638.51 and did not obtain a court order authorizing same.

38. CIPA imposes civil liability and statutory penalties for violations of section 638.51. Cal. Penal Code § 637.2.

**THIRD CAUSE OF ACTION**

**California Intrusion Upon Seclusion**

39. Defendant intentionally intruded upon the private affairs, concerns, and seclusion of each Plaintiff by improperly accessing each Plaintiff's personal information and using it for improper purposes, including by partnering with multiple data brokers to sell Plaintiff's and class members' private information to the highest bidder and them with behavioral advertising.

40. Defendant's intrusions upon the private affairs, concerns, and seclusion of each Plaintiff and class members has been substantial and would be highly offensive to a reasonable person and constitute an egregious breach of social norms, as is evidenced by countless consumer surveys, studies, and op-eds decrying the online tracking of website visitors, centuries of common law, state and federal statutes and regulations, legislative commentaries, enforcement actions undertaken by the FTC, industry

standards and guidelines, scholarly literature on consumers' reasonable expectations, and the penalties imposed by the FTC and other regulatory bodies.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seek judgment against Defendant as follows:

a. For statutory damages of $1,000 for each of the dozens of unwanted spam e-mails in violation of Section 17529;

b. For statutory damages of $5,000 for at least five instances of unlawful interception of communication and tracking in violation of CIPA;

c. For punitive damages of at least $100,000 for Defendant's fraudulent and oppressive conduct;

d. For attorneys' fees and costs as allowed by law; and

e. For any and all other relief at law or equity that may be appropriate.

Dated: May 27, 2026

PACIFIC TRIAL ATTORNEYS, APC

By:______________________________
Scott J. Ferrell
Attorneys for Plaintiff and the Proposed Class

# EXHIBIT A

From: o42td5z7@brightglowjoy132.com
Sent: Friday, May 22, 2026, 7:08 AM
To: jose.chavez22@yahoo.com
Subject: Your floors are overdue for an upgrade – UP TO 75% OFF*

